48 F.3d 1215
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Abul A. ALI; Bih Jeng, Plaintiffs-Appellants,
and
Muti Ul Haq, Plaintiff,
v.
STATE of Maryland, Department of the Environment, Defendant-Appellee,
and
Barry O'Brian; Jeffrey L. Follweiler, Defendants.
 No. 94-1683.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 13, 1994
Decided: March 6, 1995
 
 Michael H. Stone, Washington, DC, for Appellants. J. Joseph Curran, Jr., Attorney General, Kathy M. Kinsey, Assistant Attorney General, Susan Martielli Carrier, Assistant Attorney General, Baltimore, MD, for Appellees.
 Before HAMILTON and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Abul A. Ali, Bih J. Jeng, and Muti Ul Haq filed suit in federal district court against the Maryland Department of Environment ("Department" or "State") alleging that they were discriminated against in various promotional opportunities.* Appellants asserted that they were the victims of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e (West 1981 & Supp.1994), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. Sec. 621 (West 1985 & Supp.1994), 42 U.S.C.A. Sec. 1981 (West 1994), and 42 U.S.C. Sec. 1983 (1988).
 
 
 2
 The Department moved for summary judgment on all claims. Following an exhaustive review of the record, the district court granted the motion, finding that most of the claims were barred by the applicable statutes of limitations or because Appellants failed to exhaust their administrative remedies. Alternatively, the district court granted summary judgment because Appellants failed either to state a prima facie case or offer evidence to rebut the Department's proffered legitimate non-discriminatory reasons for each employment decision. Finally, the district court granted summary judgment on one claim based on waiver. We affirm all aspects of the district court's order.
 
 
 3
 The Department is an agency of the State of Maryland within the Executive Branch. The Department's employment practices are governed by the State Merit System. Md. State Pers.Code Ann. Secs. 1-101 to 14-201 (1993). The Department employs approximately 700 persons and is responsible for environmental regulation and enforcement in Maryland. The Department became a state agency in 1988. Before that, environmental functions were administered by the Departments of Health and Mental Hygiene ("DHMH") and Natural Resources.
 
 
 4
 Ali is a naturalized American citizen born in Bangladesh in 1950. He came to the United States in 1983 and began working for DHMH as a Public Health Engineer ("PHE") I in June 1986. Ali was upgraded to a PHE II in 1987, and to a PHE III in 1989. Jeng was born in Taiwan in 1927 and entered the United States in 1955. Jeng was employed by the Department as a PHE III from 1973 until his position was eliminated during a reduction-in-force in December 1992.
 
 
 5
 Appellants alleged that the Department denied them promotional opportunities on sixteen different occasions based upon their races and national origins, and in retaliation for having previously filed claims of employment discrimination. Additionally, Jeng claimed that he was unlawfully discriminated against on the basis of his age. Ali also alleged that he was the victim of harassment based upon race or national origin.
 
 
 6
 We review the district court's award of summary judgment de novo. Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the nonmoving party. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979). Although summary judgment disposition should be used sparingly in employment discrimination cases, it is appropriate where there is no genuine dispute of material fact. Ballinger v. North Carolina Agricultural Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir.), cert. denied, 484 U.S. 897 (1987). We now turn to the district court's treatment of Appellants' claims.
 
 
 7
 I. Dismissal of the Secs. 1981 and 1983 Claims
 
 
 8
 The district court properly dismissed Appellants' Sec. 1981 claim against the State based on Eleventh Amendment immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). Moreover, we find that the district court correctly dismissed the Sec. 1983 claim because the State is not a person subject to suit under that statute. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Finally, the district court correctly entered summary judgment for the State on the remaining claims under Secs. 1981 and 1983 because the remaining defendants were never served in the action as required by Fed.R.Civ.P. 4. Thus, they were not made parties to the suit, and the district court properly granted summary judgment as to them.
 
 
 9
 II. Claims Barred for Untimeliness or Failure to Exhaust
 
 
 10
 Both Title VII and the ADEA require a plaintiff to file an employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful practice occurred. 42 U.S.C.A. Sec. 2000e-5(e) (West Supp.1994); 29 U.S.C. Sec. 626(d)(2) (1988). Moreover, failure to timely file a charge of discrimination with the EEOC prohibits a federal court action on that claim. Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir.), cert. denied, 474 U.S. 851 (1985). Finally, a state employee who contends that a state agency violated its personnel laws or policies must first bring his claims in accordance with the established State Merit System grievance procedures set forth in the Personnel and Pensions Article of the Maryland Annotated Code. Prince George's County v. Blumberg, 418 A.2d 1155, 1160-61 (Md.1980), cert. denied, 449 U.S. 1083 (1981).
 
 
 11
 We hold that the district court correctly found that the majority of Appellants' claims were barred because they were not timely filed or because they were never filed with or investigated by the EEOC. Furthermore, Appellants implicitly conceded that they failed to exercise their right to contest the Department's actions through the grievance process; they did not exhaust their administrative remedies. Thus, the district court did not err in granting summary judgment as to those claims.
 
 
 12
 III. Failure to Provide Evidence of Unlawful Discrimination
 
 
 13
 As an alternative basis for granting summary judgment, the district court reasoned the Appellants either failed to state a prima facie case or failed to meet their burden to rebut the undisputed affidavits of numerous Department employees establishing legitimate, nondiscriminatory reasons for each of the challenged employment actions. We find no error in the district court's reasoning.
 
 
 14
 To survive a motion for summary judgment, plaintiff must establish a prima facie case of discrimination by a preponderance of the evidence. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If he succeeds in establishing a prima facie case, the burden then shifts to the defendant to articulate some legitimate, non-discriminatory reason for the adverse employment action. Burdine, 450 U.S. at 253. If the employer meets that burden, plaintiff then must prove by a preponderance of the evidence that the reasons offered by the employer are a mere pretext for discrimination. Id. A subjective belief of discrimination, however genuine, cannot be the basis for judicial relief in an employment discrimination case. Elliott v. Group Medical & Surgical Serv., 714 F.2d 556, 567 (5th Cir.1983), cert. denied, 467 U.S. 1215 (1984).
 
 
 15
 Using the above criteria, the district court analyzed each of Appellants' claims of age and racial discrimination. Following a thorough examination of the record, the district court concluded that each claim failed because Appellants could not establish a prima facie case or because Appellants failed to offer any evidence to rebut the Department's stated legitimate, non-discriminatory reasons for its actions.
 
 
 16
 The State Merit System law gives the Maryland Secretary of Personnel wide latitude in filling vacancies. See, e.g., Md. Ann.Code art. 64A, Secs. 16-18, and other laws and regulations cited in Berry v. Department of Human Resources, 594 A.2d 1258 (Md. Ct. Spec.App.1991). Thus, reclassification, reassignment, and transfer are all legitimate methods for filling vacancies or promoting individuals and can negate the need to consult the "eligibles list." Therefore, Appellants' failure to produce any evidence that unlawful discrimination affected the Department's actions mandated that summary judgment be entered for the State on most claims. Finally, several of the successful candidates for promotion were members of diverse minority groups, thereby undermining Appellants' claims of racial discrimination.
 
 
 17
 Similarly, the district court properly concluded that Ali's claim of harassment in violation of Title VII failed as a matter of law. Even accepting Ali's allegations as true, such actions by his supervisor (ridicule of Ali's accent, manner of speaking and criticism of his written work product) do not rise to the level of severity necessary to state a claim of harassment under Title VII.
 
 
 18
 Finally, and perhaps most tellingly, Appellants' brief on appeal to this Court is utterly devoid of support for Appellants' contention that the district court erred in granting summary judgment. The brief does not challenge a single specific finding by the district court, but merely sets forth the legal standard for establishing the various Title VII and ADEA claims that Appellants asserted in their complaint. Contrary to Appellants' bald assertion that the district court erred, we find that the district court rendered a thorough, comprehensive, and well-reasoned opinion that is supported by the record. Accordingly, we affirm the district court's order granting summary judgment to Defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because Haq did not appeal the district court's order granting summary judgment to Appellees, he is not a party to this appeal